```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                        TAMPA DIVISION
```

MATTHEW S. GUTHRIE,

       Plaintiff,

v.                              Case No.  8:12-cv-1453-T-33AEP

EMG ALARM SPECIALIST CORPORATION,

       Defendant.
_____/

## ORDER

This cause is before the Court pursuant to Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. # 4), filed on July 6, 2012. Plaintiff filed a response in opposition to the motion on July 20, 2012. (Doc. # 6). Also before the Court is Plaintiff's Motion to Amend Complaint (Doc. # 9), filed on September 7, 2012. Defendant filed a response in opposition to the motion on September 16, 2012. (Doc. # 10). For the reasons that follow, the Court grants Defendant's motion to dismiss and grants Plaintiff's motion for leave to file an amended complaint.

**I.   Background**

Plaintiff, Matthew S. Guthrie, filed his complaint in state court on June 15, 2012, against his former employer Defendant EMG Alarm Specialist Corporation. (Doc. # 2). Defendant removed the case to this Court on June 29, 2012.

-1-

(Doc. # 1).  The complaint alleges the following counts: violation of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 207 et seq. (Count I); unpaid wages under Title 31 Chapter 448, Florida Statutes (Count II); retaliatory termination under Title 31 Chapter 448, Fla. Stat. (Count III); retaliatory termination under the FLSA (Count IV); and retaliatory termination under the Civil Rights Act of 1964 (Count V).

On July 6, 2012, Defendant filed a motion to dismiss each count of the complaint pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, for failing to state a claim upon which relief can be granted. (Doc. # 4).  Plaintiff filed a response in opposition to the motion to dismiss on July 20, 2012. (Doc. # 6).  However, on September 7, 2012, Plaintiff filed a motion for leave to amend the complaint, in which Plaintiff requests permission to file an amended complaint to delete Counts I, II, III and V of his complaint and to amend the factual allegations to support a sole claim, contained in Count IV, for retaliatory termination under the FLSA. (Doc. # 9).  Defendant filed a response in opposition to the motion for leave to amend on September 16, 2012. (Doc. # 10).  These motions are now before the Court.

**II.  Legal Standard**

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.").

However, the Supreme Court has explained that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted).  Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

Additionally, "[t]he grant or denial of an opportunity to amend is within the discretion of the district court." Foman v. Davis, 371 U.S. 178, 182 (1962).  The Foman decision

enumerates the following factors that a district judge may use to deny leave to amend: undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment. Foman, 371 U.S. 178, 182 (1962).

### III. **Analysis**

Defendant moves to dismiss each count of the complaint for failing to state a cause of action. In his motion for leave to amend, Plaintiff agrees to the dismissal of Counts I, II, III, and V. (Doc. # 9 at ¶ 10). Accordingly, the Court grants Defendant's motion to dismiss as to Counts I, II, III, and V and dismisses these counts with prejudice.

Regarding Count IV for retaliatory termination under the FLSA, Defendant argues that the claim should be dismissed without prejudice because Plaintiff has failed to allege sufficient facts to state a claim under the FLSA, including how Defendant is covered by the FLSA, the nature of Plaintiff's employment with Defendant, and how any potential violation of the FLSA by Defendant was willful. (Doc. # 6 at 2-4). In his motion for leave to amend, Plaintiff appears to acknowledge that his FLSA claim contains factual deficiencies and requests permission to "amend the factual allegations to

-4-

conform to a claim solely for retaliatory termination under the FLSA." (Doc. # 9 at ¶ 10).

In response to Plaintiff's motion for leave to amend, Defendant does not argue that the amended complaint should be denied due to undue delay, bad faith or dilatory motive on the part of Plaintiff, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to Defendant. Rather, Defendant argues only that allowing Plaintiff to amend his complaint would be futile.

However, Defendant's futility argument is based solely on its assertion that Plaintiff cannot state a claim under Section 448.01, Fla. Stat., because, according to Defendant, such statute has been ruled "unconstitutional for vagueness, and courts have expressly held that it is inapplicable to hourly employees like Plaintiff." (Doc. # 10 at ¶ 6). However, as explained above, Plaintiff no longer seeks to bring a claim under Section 448.01, but instead intends to proceed only under the FLSA. Moreover, the proposed amended complaint attached to Plaintiff's motion does not reference Section 448.01, but references only the FLSA and contains only one count for retaliatory termination under the FLSA. (Doc. # 9 at 9-12). Thus, as Defendant's response contains no arguments directed to Plaintiff's FLSA claim, Defendant has

-5-

not shown any reason that the proposed amended complaint should be denied, for futility or otherwise. Therefore, the Court determines that it is appropriate to grant Defendant's motion to dismiss as to Count IV without prejudice and to allow Plaintiff leave to file his amended complaint as to this claim.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. # 4) is **GRANTED** with prejudice as to Counts I, II, III, and V and **GRANTED** without prejudice as to Count IV.

(2) Plaintiff's Motion to Amend Complaint (Doc. # 9) is **GRANTED**. Plaintiff may file his amended complaint (Doc. # 9 at 9-12) on or before October 29, 2012.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 22nd day of October, 2012.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record